IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| REYNA ESPEJO, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:09cv1295 (JCC) |
| GEORGE MASON MORTGAGE, LLC, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Litton Loan Servicing's Motion to Dismiss for Failure to Prosecute and/or Comply with Court Order pursuant to Federal Rule of Civil Procedure 41(b). For the following reasons, the Court will grant Defendant's Motion but will do so without prejudice.

**I. Background**

On or about October 21, 2009, Plaintiffs Reyna Espejo and Ovidio Velis ("Plaintiffs") filed their complaint ("Complaint") against Defendants George Mason Mortgage, LLC ("George Mason Mortgage"), Countrywide Home Loans ("Countrywide"), Bank of America ("BOA"), Litton Loan Servicing ("Litton"), Bierman, Geesing & Ward ("BGW"), and John Does 1

1

through 50 (collectively "Defendants") in the Circuit Court of Loudoun County, Virginia.  [Dkt. 1.]  The Complaint alleges the following eight causes of action against various Defendants: (1) violations of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.,* and 12 C.F.R. § 226 ("Regulation Z") against George Mason Mortgage, Countrywide, and BOA; (2) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and 24 C.F.R. § 3500 ("Regulation X") against Defendants George Mason Mortgage, Countrywide, BOA and Litton; (3) fraud in inducement and fraud in factum against Defendants George Mason Mortgage, Countrywide, and BOA; (4) breach of contract and implied covenant of good faith and fair dealing against Defendants George Mason Mortgage, Countrywide, and BOA; (5) negligent and fraudulent misrepresentation against Defendants George Mason Mortgage, Countrywide, and BOA; (6) common law civil conspiracy against Defendants George Mason Mortgage, Countrywide, BOA, and Litton; (7) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, against Defendant Litton; and (8) declaratory judgment and quiet title against Defendants BOA and "Trustee."  (Compl. ¶¶ 27-81.)

Plaintiffs seek statutory damages, costs and reasonable attorney's fees, general damages in the sum of $401,791.73, actual damages to be established at trial, pre- and post-judgment

2

interest, a judgment order declaring that Defendants are not holders in due course and are not entitled to enforce the Loans against Plaintiffs, a judgment order asking Defendants to identify the actual note holder of the Loans, a judgment order restraining Defendants from taking any adverse action with respect to the Property, and any other relief the Court deems appropriate. Plaintiffs also seek punitive damages in the sum of $1,205,375.10 and injunctive relief "prohibiting the Defendant[s] from any action which would result in Plaintiff[s] being ousted from the disputed Property."

On November 17, 2009, Defendant Litton removed the case to the United States District Court for the Eastern District of Virginia. [Dkt. 1.] On December 7, 2009, Defendant George Mason Mortgage moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Dkt. 10] On December 22, 2009, Defendant BGW also moved to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6). [Dkt. 14.] Plaintiffs did not timely oppose these motions. The hearing regarding both motions was scheduled to be held on January 8, 2010, but the Court terminated hearing and decided to rule on these motions on the basis of the briefs alone on January 7, 2010. On January 7, 2010, Plaintiffs filed a Motion for Extension of Time to File a Response, which was granted by the Court. [Dkts. 17, 23.] Plaintiffs filed their opposition to both Defendant George Mason Mortgage and

Defendant BGW's Motions to Dismiss on January 21, 2010. [Dkts. 21, 22.]

On February 1, 2010, this Court entered an Order granting Defendant George Mason Mortgage and Defendant Bierman, Geesing & Ward, LLC's separate Motions to Dismiss Plaintiffs' Complaint without prejudice. [Dkt. 28.] In this Order, the Court gave Plaintiffs ten (10) days to file an Amended Complaint. *Id.* Due to inclement weather related closures, Plaintiffs' last day to file an Amended Complaint was February 12, 2010. On February 12, 2010, instead of filing an Amended Complaint, Plaintiffs filed a Motion for Extension of Time to File an Amended Complaint, requesting an extension until February 19, 2010. [Dkt. 30.] On February 17, 2010, Defendant George Mason Mortgage opposed Plaintiffs' motion for extension of time on the basis that the inclement weather should not have affected Plaintiffs' ability to file an Amended Complaint electronically. [Dkt. 31.] Plaintiffs failed to file their Amended Complaint by February 19, 2010 and the Court denied Plaintiffs' Motion for Extension of Time to File an Amended Complaint as moot on March 1, 2010. [Dkt. 34.] The Plaintiff, to this date, has not filed an Amended Complaint.

Based on Plaintiffs' failure to file an Amended Complaint, Defendant George Mason Mortgage filed a Motion for Entry of Judgment under Rule 54(b) on February 24, 2010. [Dkt.

32.] On March 1, 2010, Defendant Litton also filed its Motion for Entry of Order Dismissing Plaintiffs' Complaint with prejudice under Rule 54(b). [Dkt. 35.] Plaintiffs did not oppose either Defendant's Motion for Entry of Order Dismissing Plaintiffs' Complaint with Prejudice. On March 15, 2010, the Court granted Defendant George Mason Mortgage's Motion for Entry of Judgment under Rule 54(b). [Dkt. 37.] The Court, however, denied Defendant Litton's Motion for Entry of Order Dismissing Plaintiffs' Complaint with Prejudice on the basis that there was no final judgment as to Defendant Litton who never moved to dismiss the Complaint. *Id.*

On March 17, 2010, Defendant Litton filed a Rule 41(b) Motion to Dismiss for Failure to Prosecute and/or Comply with Court Order. [Dkt. 38.] Plaintiffs failed to respond to Defendant Litton's Motion. This unopposed Motion is currently before the Court.

## II. Standard of Review

Under the Federal Rules of Civil Procedure, "[i]f [a] plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Fourth Circuit has recognized the authority that this rule gives courts "to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with

5

court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). A district court's decision to dismiss a suit under Rule 41(b) is reviewed for abuse of discretion. *Id.*

### III. Analysis

Dismissal with prejudice under Federal Rule Civil Procedure 41(b) is "a harsh sanction which should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has set forth four criteria for a district court to consider in determining whether dismissal is appropriate: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion;' and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). This Court will balance these factors to determine whether dismissal is appropriate.

The record in this case supports a finding that Plaintiffs' counsel repeatedly failed to take responsibility in this litigation. For example, Plaintiffs have failed to file an Amended Complaint in defiance of this Court's February 1, 2010 Order. The February 1, 2010 Order dealt with some of the claims that were alleged against Defendant Litton. Instead, Plaintiffs filed a Motion for Extension of Time to Amend the Complaint on

6

the day the Amended Complaint was due, attaching neither a copy of the proposed Amended Complaint nor a valid and justifiable reason for this Court to grant an extension.  Plaintiffs did not file the Amended Complaint by February 19, 2010 and this Court denied Plaintiffs' Motion for Extension of Time as moot on March 1, 2010.  Additionally, Plaintiffs' counsel has failed to respond to Defendant George Mason Mortgage's Motion for Entry of Judgment under Rule 54(b) filed on February 24, 2010, neither did he respond to Defendant Litton's Motion for Entry of Order Dismissing Plaintiffs' Complaint with Prejudice filed on March 1, 2010.  Plaintiffs' counsel also has not responded to the Motion at issue filed by Defendant Litton asking this Court to dismiss Plaintiffs' Complaint with Prejudice based on Plaintiff's failure to prosecute.

In addition, Defendant Litton is prejudiced by Plaintiffs' failure to prosecute this case and comply with the Court's Order.  Due to Plaintiffs' failure to file an Amended Complaint, Defendant Litton states that it is "in litigation without knowing the allegations" and that it is precluded from "crafting its defense and litigation strategy."  Def.'s Mem. in Supp. Of Def.'s Mot. For Involuntary Dismissal ("Def.'s Mem.") at 2.  The Court notes that Plaintiffs also have "a history of deliberately proceeding in a dilatory fashion." *Davis*, 588 F.2d at 70.  As mentioned above, Plaintiffs have failed to comply with

this Court's Order to file an Amended Complaint and have not opposed any of the three motions that have been filed before this Court over last two months. Taken as a whole, Plaintiffs' behavior since this Court initially ordered them to amend the Complaint has been anything but diligent.

However, because the Court recognizes the draconian nature of the sanction afforded by Rule 41(b) - a dismissal *with prejudice* - and it considers other available sanctions that would also be effective. Given Plaintiffs' failure to comply with the Court's February 1, 2010 Order and its continued failure to respond to various Defendant's motions, the Court does not see an effective remedy less drastic than a dismissal in this case. The Court certainly has no interest in keeping Defendants in unnecessarily prolonged litigation that is not being actively prosecuted by Plaintiffs and likewise has no interest in rewarding Plaintiffs who irresponsibly failed to litigate this case. However, given the harsh nature of dismissal with prejudice, the Court will require Plaintiffs to show good cause within 7 days why the Complaint should not be dismissed with prejudice. If Plaintiffs fail to respond to show good cause within the allotted time, the Court will then dismiss Plaintiffs' Complaint with prejudice pursuant to Rule 41(b).

### IV. Conclusion

For the foregoing reasons, Defendant Litton's Federal

8

Rule of Civil Procedure 41(b) Motion to Dismiss for Failure to Prosecute and/or Comply with Court Order will be granted without prejudice.

  An appropriate Order will issue.

April 22, 2010              /s/
Alexandria, Virginia        James C. Cacheris
            UNITED STATES DISTRICT COURT JUDGE